Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
Email: jeffrey@jeffreycogan.com
Attorney for Plaintiff Jeffrey A. Cogan and Jeffrey A. Cogan, Esq., Ltd.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFREY A. COGAN, an individual; and JEFFREY A. COGAN, ESQ., LTD., a revoked Nevada corporation; <br><br> Plaintiffs, <br><br> v. <br><br> ARNALDO TRABUCCO, M.D., an individual, <br><br> Defendant. | Case No.:   21-cv-2087 |

COMES NOW Plaintiffs, Jeffrey A. Cogan, *in proper person,* and Jeffrey A. Cogan, Esq., Ltd., by and through their Jeffrey A. Cogan, Esq., and file this Complaint for Declaratory Relief against Defendant Arnaldo Trabucco, M.D. and hereby complain and allege as follows:

I.   **Nature of the Action**

1.   This is a Complaint for Declaratory Relief seeking a determination whether the Superior Court of Mohave County, State of Arizona, has subject matter jurisdiction to enter a Judgment against Jeffrey A. Cogan and Jeffrey A. Cogan, Esq., Ltd. for their acts in the bankruptcy case of *In re: Arnaldo Trabucco* filed in the United States Bankruptcy Court for the District of Nevada in 2013.

## II.   The Parties

2. Jeffrey A. Cogan is an individual residing in Clark County, State of Nevada.

3. Jeffrey A. Cogan, Esq., Ltd. was a Nevada corporation and was used by Jeffrey A. Cogan to practice law. Jeffrey A. Cogan, Esq., Ltd. charter was revoked on June 30, 2018.

4. Arnaldo Trabucco, based upon information and belief, is a resident of the State of Florida.

## III.   Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. An actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2202, which is of sufficient immediacy and reality to warrant declaratory relief.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2) (diversity) because it is a dispute between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court also has subject matter jurisdiction over this action per 28 U.S.C. § 1331 (federal question) as the matter involves the interpretation of Title 11 of the United States Code also known as the Bankruptcy Code and 28 U.S.C. § 2201.

9. If this Court finds that subject matter jurisdiction lies with the bankruptcy court, Plaintiff will seek an order referring the matter to the United States Bankruptcy Court for the District of Nevada pursuant to 28 U.S.C. § 157(a).

10. This Court has personal jurisdiction over Defendant Arnaldo Trabucco

because on November 6, 2012, filed a Chapter 7 Bankruptcy Petition in the District of Nevada, Case No. BK-S-12-22475-MKN.

11. Venue is appropriate because the acts occurred in the case captioned *Helen Scharf, and Karen Bright, and Randall Scharf v. Arnaldo Trabucco, M.D.,* Case No. 13-01085-MKN, filed in the United States Bankruptcy Court for the District of Nevada.

12. An actual case or controversy has arisen between the parties as Defendant Arnaldo Trabucco, M.D. seeks a judgment against Plaintiffs Jeffrey A. Cogan and Jeffrey A. Cogan, Esq., Ltd. in the Superior Court for Mohave County, State of Arizona in a trial set for December 15, 2021.

### IV.   The Underlying Action

13. On November 6, 2012, Defendant Arnaldo Trabucco, M.D. (hereinafter "Dr. Trabucco") filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Nevada, Case No. BK-S-12-22475-MKN.

14. On May 5, 2013, Jeffrey A. Cogan and Jeffrey A. Cogan, Esq., Ltd. (hereinafter collectively as "Cogan") on behalf of their clients Helen Scharf, Karen Bright, and Randall Scharf filed in Dr. Trabucco's bankruptcy case an Adversary Complaint Determine to Nondischargeability of Debts (11 U.S.C. § 523(a)(6) and for Common Law Negligence, alleging willful and malicious injury, and was assigned Case No. 13-01085-MKN (ECF No. 1).

15. On July 16, 2013, Cogan filed a First Amended Complaint to Determine Dischargeability of Debts (11 U.S.C. § 523(a)(6) removing the common law negligence claim.

16. On February 11, 2014, a "Stipulation for Dismissal of Adversary Action" was filed in Case No. 13-01085-MKN dismissing Scharf's case against Dr. Trabucco.

17. Dr. Trabucco did not seek sanctions in the adversary proceeding under

Federal Rule of Bankruptcy Procedure 9011[1] or under 11 U.S.C. § 105.

18. On February 28, 2014, Dr. Trabucco filed a Complaint alleging abuse of process and malicious prosecution against Cogan and the Scharfs in the Superior Court for the State of Arizona in and for the County of Mohave. The case was assigned Case No. CV-2014-04030.

19. On January 6, 2016, Dr. Trabucco filed a motion for partial summary judgment as to liability, and subsequently Cogan filed a motion for summary judgment seeking a dismissal. The superior court took the motions under submission and waited two (2) years to enter its decision.

20. On January 16, 2018, the Mohave County Superior Court granted Dr. Trabucco's motion for summary judgment and denied Cogan's and Scharf's motion.

21. After a three (3) day trial, on August 24, 2018, the jury entered a verdict in favor of Dr. Trabucco and against Jeffrey A. Cogan and Jeffrey A. Cogan, Esq., Ltd. for general damages of $6,232,000 and punitive damages of $1,768,000, of costs of $3,529.76 and jury costs of $3,694.28 on the claims of malicious prosecution and abuse of process.

22. The jury found for Defendants Helen Scharf, Karen Bright, and Randall Scharf and awarded Dr. Trabucco no damages as to them.

23. Cogan filed a timely appeal.

24. On April 7, 2020, the Arizona Court of Appeals, Division One, entered its Memorandum Decision, affirming the superior court in part, reversing the court in part, vacated in part, and remanded with directions.

25. On June 5, 2020, Dr. Trabucco filed a Petition for Review to the Arizona Supreme Court.

---

[1] Federal Rule of Bankruptcy Procedure is the bankruptcy equivalent of Federal Rule of Civil Procedure 11. 11 U.S.C. § 105 is the most common means for a bankruptcy court to sanction an attorney. *See Law v. Siegel*, 134 S. Ct. 1188, 1198, 571 U.S. 415, 428, 188 L.Ed.2d 146, (2014).

26. Cogan filed a motion to dismiss the case with the Arizona Supreme Court arguing the courts of the State of Arizona lacked subject matter jurisdiction.

27. In a two-sentence order the Arizona Supreme Court denied the Petition for Review and Cogan's Motion to Dismiss.

28. The case is set for trial in the Mohave County Superior Court for the State of Arizona on December 15, 2021.

## FIRST CAUSE OF ACTION
(Declaratory Relief)

29. Plaintiff repeats and realleges Paragraphs 1 through 28 as though fully set forth herein.

30. The Court of Appeals for the State of Arizona wrote in its concluding paragraph in the April 7, 2020, Memorandum Decision, "For the foregoing reasons, we affirm the finding of liability for malicious prosecution, reverse the finding of liability for abuse of process, . . ."

31. The non-Federal Courts of the State of Arizona were without subject matter jurisdiction to adjudicate any claims against Cogan for his actions that were done in the Bankruptcy Adversary Complaint captioned *Helen Scharf, Karen Bright, and Randall Scharf v. Arnaldo Francesco Trabucco,* United States Bankruptcy Court for the District of Nevada Case No. 13-01085-MKN under *Miles v. Okun,* 430 F.3d 1083, (9th Cir. 2005) and *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910 (9th Cir. 1996).

32. Therefore, any judgment relating to those actions is void *ab initio.*

33. Due to the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to whether any judgment is valid and enforceable against Cogan entered in *Arnaldo Trabucco v.*

*Jeffrey Cogan and Jeffrey A. Cogan, Esq., Ltd.,*[2] Superior Court of the State of Arizona in and for the County of Mohave Case No. CV-2014-04030.

34. Cogan desires a judicial determination of the rights and duties and a declaration as to any judgment obtained by Dr. Trabucco against Cogan under 28 U.S.C. § 2201.

WHEREFORE, Plaintiffs Jeffrey A. Cogan and Jeffrey A. Cogan, Esq., Ltd. pray for judgment as follows:

1. A declaration that any judgment or order relating to *Arnaldo Trabucco v. Jeffrey Cogan and Jane Doe Cogan, Helen Scharf, Karen Bright, and Randall Scharf,* Superior Court of the State of Arizona in and for the County of Mohave Case No. CV-2014-04030 is not valid and not enforceable against Cogan as being *void ab initio* as being lacking subject matter jurisdiction;

2. For such further and additional relief as the Court may deem just and Proper.

3. For such further and additional relief as the Court deems just and proper.

Dated this 20th day of November, 2021

> JEFFREY A. COGAN CHARTERED,
> a Professional Limited Liability Company
>
> By  /s/ Jeffrey A. Cogan
> Jeffrey A. Cogan
> 1057 Whitney Ranch Drive, Suite 350
> Henderson, Nevada 89014
> Telephone:  (702) 474-4220
> Facsimile:  (702) 44-4228
> Email: jeffrey@jeffreycogan.com
> Attorney for Plaintiffs Jeffrey A. Cogan
> and Jeffrey A. Cogan, Esq., Ltd.

---

[2] The Court amended the caption on remand to remove the dismissed Scharf defendants.