VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
Las Vegas, NV  89130
702-258-1183 ph /702-258-6983 fax
vneal@kemp-attorneys.com

Attorney for Defendant
*Arnaldo Trabucco, M.D.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY A. COGAN, an individual; and JEFFREY A. COGAN, ESQ., LTD., a revoked Nevada corporation;<br><br>Plaintiffs,<br><br>v.<br><br>ARNALDO TRABUCCO, M.D., an individual,<br><br>Defendant. | Case No.:  2:21-cv-02087-APG-EJY<br><br>**STIPULATION AND ORDER FOR PARTIAL STAY OF DISCOVERY**<br><br>**[FIRST REQUEST]** |

Pursuant to LR IA 6-1, LR IA 6-2, and LR 7-1, the parties by and through respective counsel, hereby stipulate and agree, and respectfully request the Court grant a partial stay of discovery pending the outcome of Plaintiff's Motion to Dismiss filed at ECF No. 25. [1] This is the parties' first request for a partial stay of discovery and is being made in good faith and not for the purposes of delay.

**I.   BRIEF NATURE OF THE CASE AND RELEVANT PROCEDURAL HISTORY**

This case arises from the February 28, 2014, Complaint filed in the Superior Court of Arizona, in and for the County of Mohave, by Dr. Trabucco. After the years of litigation, and just prior to the beginning of trial, the parties reached an agreement to resolve the matter.  Prior

---

[1] The matter was fully briefed as of 02/11/22. ECF Nos. 25, 28, 30.

to the execution of that agreement, on November 20, 2021, Plaintiff filed a Complaint in this Court seeking Declaratory Relief and a determination of whether the Superior Court of Mohave County, had subject matter jurisdiction to enter a Judgment against Defendants. **ECF No. 1.**

The Complaint was served on Defendant on December 9, 2021. **ECF No. 20.** In addition to service of the Complaint on December 9, 2021, Plaintiffs served Defendant with their Motion for Summary Judgment at ECF No. 8, their Motion for Temporary Restraining Order at ECF No. 10, and their Motion for Preliminary Injunction at ECF No. 13.

On December 10, 2021, the Court heard oral argument on Plaintiffs' Motion for Temporary Restraining Order and denied the same. **ECF No. 21 – Minutes of Proceeding.**

The parties stipulated that Defendant would have up to and including January 21, 2022, to answer or otherwise respond to the Complaint. **ECF No. 24.** On January 21, 2022, Defendant filed a Motion to Dismiss. **ECF No. 25.** The matter was fully briefed as of February 11, 2022. *See* **ECF Nos. 25, 28, 30.**

## II. THE PARTIES' DISCUSSIONS REGARDING DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(f) and LR-26-1(a), a telephonic meeting was held on February 17, 2022, attended by Jeffrey A. Cogan, Esq., of Jeffrey Cogan, PLLC., counsel for Plaintiffs, Victoria L. Neal, Esq., of Kemp and Kemp, local counsel for Defendant Arnaldo Trabucco, M.D., and Ross Myer, Esq., of Wilenchik & Bartness Jack D. Wilenchik, Esq., *pro hac vice*, not yet filed for Defendant Arnaldo Trabucco, M.D. The parties agreed that it may be beneficial to exchange initial disclosures consisting of documents in the underlying Mohave County case, but currently there is no utility in engaging in other discovery, given the relief requested in the Complaint, until the trial court rules on Defendant's Motion to Dismiss and depending on what is encompassed by that ruling.

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see* also Fed. R. Civ. P. 26(c)(1) (court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding disclosure or discovery). In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

While addressing motions to dismiss filed pursuant to Rule 12(b)(6), courts have noted that they are "not ordinarily a situation that in and of itself would warrant a stay of discovery." *See, e.g., Twin City Fire Ins. Co. v. Employers Ins. of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989). However, courts in this district have noted the well-established exception to this general rule that motions based on jurisdiction, venue, and immunity are exactly the type of motion that "in and of itself" precisely warrant stays of discovery. *Id..*

The motion to dismiss is based upon three different legal arguments: (1) an exception to the *Rooker-Feldman* doctrine is not present; (2) the Arizona Supreme Court addressed this issue and issue preclusion bars the relief; (3) subject matter jurisdiction was proper in the Arizona Superior Court.  This is the type of motion that warrants a stay of discovery.

Based on the above, the parties have agreed to exchange initial disclosures on or before March 9, 2022, but stipulate to stay all other discovery, upon approval by this Court, until the trial court issues its ruling on Defendant's Motion to Dismiss.

If the Court denies Defendant's Motion to Dismiss, a Discovery Plan and Scheduling Order will be filed within fourteen (14) days of the Order. If the Court grants Defendant's Motion to Dismiss with leave to amend, a Discovery Plan and Scheduling Order will be filed within fourteen (14) days of the filing of Defendant's Answer to the Complaint. If the Court grants Defendants Motion to Dismiss without leave to amend, the Discovery Plan and Scheduling Order will be moot.

**\*\* REMAINDER OF PAGE INTENTIONALLY LEFT BLANK\*\***

Respectfully submitted this 22nd day of February 2022.

| **JEFFREY A. COGAN CHARTERED, a PLLC** | **KEMP & KEMP, ATTORNEYS AT LAW** |
|---|---|
| /s/ Jeffrey A. Cogan | /s/ Victoria L. Neal |
| Jeffrey A. Cogan, Esq, | Victoria L. Neal, Esq. |
| Nevada Bar No.: 4569 | Nevada Bar No.: 13382 |
| 1057 Whitney Ranch Drive, Suite 350 | 7435 W. Azure Drive, Suite 110 |
| Henderson, NV 89014 | Las Vegas, NV 89130 |
| Tel: (702) 474-4220 | Tel: 702-258-1183 |
| Fax: (702) 474-4228 | Fax: 258-6983 |
| jeffrey@jeffreycogan.com | veal@kemp-attorneys.com |
| Attorney for Plaintiffs *Jeffrey A. Cogan and Jeffrey A. Cogan, Esq., Ltd.* | Attorney for Defendant *Arnaldo Trabucco, M.D.* |

| **WILENCHIK & BARTNESS** | **WILENCHIK & BARTNESS** |
|---|---|
| /s/ Jack D. Wilenchik | /s/ Ross Myer |
| Jack D. Wilenchik, Esq. | Ross Myer, Esq. |
| Arizona Bar No.: 029353 | Arizona Bar No.: 029353 |
| The Wilenchik & Bartness Building | The Wilenchik & Bartness Building |
| 2810 North Third Street | 2810 North Third Street |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85004 |
| Tele: 602-606-2810 | Tele: 602-606-2810 |
| Fax: 602-606-2811 | Fax: 602-606-2811 |
| JackW@wb-law.com | JackW@wb-law.com |
| Pro Hac Vice Not Yet Filed for *Defendant Arnaldo Trabucco, M.D.* | Pro Hac Vice Not Yet Filed for *Defendant Arnaldo Trabucco, M.D.* |

## **ORDER**

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE
HONORABLE ELAYNA J. YOUCHAH

DATED: February 23, 2022