1

2                     UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
3

4

5    Jeffrey A. Cogan,                        Case No. 2:21-cv-02087-CDS-EJY

6                        Plaintiff      **Order Granting Defendant's Motion to
                                        Dismiss, Denying Plaintiff's Motion for
7         v.                             Judgment as Moot, and Closing Case**

8    Arnaldo Trabucco,                            [ECF Nos. 8, 25]

9                        Defendant

10

11          Plaintiff Jeffrey Cogan, a Nevada lawyer (Bar No. 4569) representing himself *pro se*, seeks

12   declaratory relief from this Court stating that an Arizona state trial court lacks subject matter

13   jurisdiction to enter judgment against Cogan based on Cogan's involvement in a bankruptcy

14   case before the U.S. Bankruptcy Court for the District of Nevada. Specifically, Cogan seeks a

15   declaration stating that "any judgment or order relating to" the *Trabucco v. Cogan* case in Mohave

16   County "is not valid and not enforceable against Cogan as being *void ab initio* as [] lacking subject

17   matter jurisdiction," Compl., ECF No. 1 at 6. Cogan also filed a motion for summary judgment.

18   ECF No. 8.

19          Defendant Dr. Arnaldo Trabucco filed a motion to dismiss this case wherein he argues:

20   (1) Cogan failed to allege with specificity his claim for declaratory relief; (2) under the doctrine

21   of issue preclusion, the Arizona Supreme Court's decision denying Cogan's motion to dismiss for

22   lack of subject matter jurisdiction prevents this Court from hearing the same issue; and (3)

23   under the *Rooker-Feldman* doctrine, a district court may not exercise subject matter jurisdiction

24   over a suit that essentially appeals a separate state court judgment. *See generally* ECF No. 26.

25

26

I held a hearing on the competing motions on October 5, 2022. Hr'g Tr., ECF No. 42. Having considered the applicable law, the moving papers, and the arguments of the parties made during hearing, I hereby GRANT Trabucco's motion to dismiss (ECF No. 26) and DENY Cogan's motion for summary judgment (ECF No. 8) as moot.

I.      Relevant Procedural History

The procedural history leading up to this action is prolonged and multifaceted. It starts back in November 2012 when Trabucco filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada. ECF No. 1 at ¶13.[1]

Approximately 5 months later, in March 2013, Cogan (on behalf of his clients, Helen Scharf, Karen Bright, and Randall Scharf (hereinafter collectively the "Scharfs")) sued Trabucco in an Arizona state trial court (Mohave County Superior Court), alleging that Trabucco negligently performed a surgery on Gerald Scharf, who ended up passing away shortly thereafter. ECF No. 8 at 1–2; ECF No. 8-1 at 3–4. Trabucco moved to dismiss that case for failure to prosecute. The case was ultimately dismissed with prejudice by stipulation of the parties in June 2014. ECF No. 8-1 at 16, ¶12.

While the 2013 medical malpractice case was not pursued, during the pendency of that case, Cogan filed an adversary complaint[2] on behalf of the Scharfs in United States Bankruptcy Court for the District of Nevada asserting the same wrongful death claims as he alleged in the 2013 Mohave County case against Trabucco. *See generally* ECF No. 8-1. That complaint alleged Trabucco had "committed willful and malicious actions upon Mr. Scharf, eventually resulting in Mr. Scharf's death," and Trabucco's actions constituted "extreme and outrageous behavior." ECF

---

[1] The court takes judicial notice of Case No. BK-S-12-22475-MKN. Fed. R. Evid. 201(b)(2); *see also Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136–37 (S.D. Cal. 2006) (courts may take judicial notice of their own records and other court proceedings if they directly relate to matters before the court); *Montantes v. Inventure Foods*, 2014 WL 3305578, at *2 C.D. Cal. July 2, 2014 (stating that courts "take judicial notice of proceedings in other courts … if those proceedings have a direct relation to matters at issue") (internal quotation marks omitted).

[2] This bankruptcy complaint alleged medical malpractice that caused or contributed to the death of Mr. Scharf.

1  No. 8-1 at 15, ¶6. The adversarial complaint was filed to prevent Trabucco from discharging debt

2  that could eventually be used to repay the alleged victims.[3] The adversarial complaint was

3  ultimately dismissed with prejudice pursuant to a stipulation on February 11, 2014. ECF No. 1 at

4  ¶16.

5          Just shy of two weeks later, Trabucco filed a complaint Superior Court for the State of

6  Arizona in and for the County of Mohave alleging abuse of process and malicious prosecution

7  against Cogan and the Scharfs. ECF No. 8-1 at 30–36. Trabucco's complaint alleged that Cogan

8  and the Scharfs lodged baseless accusations and made material misrepresentations to the

9  bankruptcy court. *Id.*

10         In April 2014, Trabucco obtained dismissal of the March 2013 state court lawsuit

11  brought by the Scharfs, filed by Cogan, after they failed to prosecute the case or respond to the

12  motion to dismiss that had been filed.  ECF No. 26 at 3. Then, in July 2014, the bankruptcy court

13  discharged Trabucco without holding him liable for debts associated with the Scharfs' claims. *Id.*

14         Thus, by the summer of 2014, the only remaining suit was Trabucco's against Cogan and

15  the Scharfs for abuse of process and malicious prosecution. Cogan filed a counterclaim alleging

16  negligence which failed to survive summary judgment. Trabucco also won partial summary

17  judgment as to Cogan's liability on the abuse of process claims. ECF No. 1, ¶20.

18         In August 2018, jury trial was held on the question of damages. The jury found for the

19  Scharfs but against Cogan, awarding Trabucco a verdict of $6,232,000 in general damages,

20  $1,768,000 in punitive damages, costs of $3,529.76 and jury costs of $3,694.28. ECF No. 1, ¶21.

21  Cogan is solely liable for the total verdict.

22         Cogan appealed to the Arizona Court of Appeals, who vacated the judgment in part and

23  remanded. ECF No. 8-1 at 12–28. The Arizona Supreme Court denied to review Cogan's appeal,

24  which included a challenge to subject matter jurisdiction, and remanded the case to Mohave

25  County. ECF No. 8-1 at 39. Upon remand, the Mohave County court decided to retry the case in

26

---

[3] Case No. 13-01085-MKN. I also take judicial notice of this case.

1  December 2021. However, Cogan and Trabucco entered a stipulated settlement agreement to

2  delay that trial pending this Court's adjudication of this case.

3      Now, Cogan seeks a declaration from this Court stating that "any judgment or order

4  relating to" the *Trabucco v. Cogan* case in Mohave County "is not valid and not enforceable against

5  Cogan as being *void ab initio* as [] lacking subject matter jurisdiction." ECF No. 1 at 6. Cogan also

6  moves for summary judgment, arguing that the Mohave County court lacked subject matter

7  jurisdiction over him and seeking a declaration from our court for that proposition.[4] ECF No. 8.

8  Trabucco seeks to dismiss[5] the suit. ECF No. 26.

9  **II.    Legal Standard**

10     Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

11  which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

12  (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which

13  it rests, and although a court must take all factual allegations as true, legal conclusions couched

14  as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a

15  complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that

16  is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

17  570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

18  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

19

20  [4] At the hearing on the pending motions in this case, Cogan offered to withdraw his motion for summary
    judgment. I neither granted nor denied the offer. Because I am granting defendant's motion to dismiss, I
21  deny Cogan's offer as moot.

22  [5] The parties disagree as to whether defendant's motion is properly filed as a motion to dismiss or should
    have been filed as a motion for summary judgment. Because the proceedings in the bankruptcy court and
23  Mohave County court bear on the issues raised by Cogan in his complaint and are also at the heart of the
    subject in Cogan's request for declaratory relief, those proceedings have a direct relation to the matters at
24  issue before this Court. Defendant's motion is thus properly characterized as a motion to dismiss. *See, e.g.,*
    *Goodwin v. Exec. Tr. Servs., LLC*, 680 F. Supp. 2d 1250 (D. Nev. 2010) (stating that a court may consider
25  matters of judicial notice without converting a motion to dismiss into a motion for summary judgment);
    *U.S. ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating that a
26  court may take judicial notice of proceedings in other courts, both within and outside of the federal
    judicial system, if those proceedings have a direct relation to matters at issue).

1   *Id.* This standard "asks for more than a sheer possibility that the defendant has acted

2   unlawfully." *Id.*

3        "Generally, a district court may not consider any material beyond the pleadings in ruling

4   on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

5   (9th Cir. 1990). "However, material which is properly submitted as part of a complaint may be

6   considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose

7   authenticity no party questions, but which are not physically attached to the pleading, may be

8   considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion into

9   one for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to

10   dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer*

11   *Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

12   **III.**     **Discussion**

13        Cogan contends federal law preempts Trabucco's abuse of process claims against him in

14   the Arizona state court system, which deprives the state of Arizona subject matter jurisdiction

15   and renders the judgment against him *void ab initio. See generally* ECF No. 1. He seeks declaratory

16   relief stating that "any judgment or order relating to" the *Trabucco v. Cogan* case in Mohave

17   County "is not valid and not enforceable against" him. *Id.*

18        Defendant moves to dismiss this action arguing that Cogan does not assert a viable claim

19   for declaratory relief, that issue preclusion bars Cogan from asserting his arguments, and that I

20   lack subject matter jurisdiction over the entire controversy based on application the *Rooker-*

21   *Feldman* doctrine.

22        I find that the *Rooker-Feldman* doctrine precludes me from granting Cogan relief and

23   divests me of jurisdiction from further action in this matter.[6] The *Rooker-Feldman* doctrine is

24   derived from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C.*

25

26   [6] I do not reach a decision, nor address, defendant's arguments related to failure to state a claim and issue preclusion because I find the *Rooker-Feldman* doctrine precludes this action.

1   *Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "It stands for the relatively straightforward

2   principle that federal district courts do not have jurisdiction to hear de facto appeals from state-

3   court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010), *cert. denied*, 562 U.S.

4   1219 (2011) (citing *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). A lawsuit constitutes a

5   forbidden de facto appeal when "a federal plaintiff asserts as a legal wrong an allegedly

6   erroneous decision by a state court, and then seeks relief from a state court judgment based on

7   that decision." *Id.* (internal quotations and citation omitted). Stated otherwise, "[i]f claims

8   raised in the federal court action are 'inextricably intertwined' with the state court's decision

9   such that the adjudication of the federal claims would undercut the state ruling or require the

10  district court to interpret the application of state laws or procedural rules, then the federal

11  complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334

12  F.3d 895, 898 (9th Cir. 2003).

13         The instant lawsuit constitutes the type of de facto appeal that *Rooker-Feldman* prohibits.

14  The Mohave County case and judgment against Cogan arise out of the bankruptcy action filed in

15  this district in 2012. Cogan argues that the Mohave County court does not have subject matter

16  jurisdiction over him. However, Cogan has already brought the same challenge and lost in the

17  Arizona Supreme Court. ECF No. 8-1 at 39. Thus, issues in the instant case are inextricably

18  intertwined with the Mohave Case that resulted in the judgment against Cogan, as well as the

19  Arizona Supreme Court's decision denying Cogan's motion to dismiss for lack of subject matter

20  jurisdiction.

21         Furthermore, the declaratory relief sought by Cogan in this action serves to undermine

22  the judgment of the Arizona Supreme Court. "[U]nder *Rooker-Feldman*, '[courts] must pay close

23  attention to the *relief* sought by the federal-court plaintiff.'" *Bianchi*, 334 F.3d at 900 (quoting

24  *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). Here, Cogan seeks a declaration

25  compelling the Arizona court to void its judgment rendered against Cogan. *Rooker-Feldman*

26  precludes adjudication of Cogan's claim because the only redress Cogan seeks is "an 'undoing' of

1  the prior state-court judgment—'a particularized challenge to an adjudication against him in
2  state court[.]'" *Id.* (quoting *Kenmen*, 314 F.3d at 477). Because I cannot grant the relief Cogan
3  seeks without "undoing" the decision of the state court, "it is immaterial that the state courts
4  did not specify the grounds on which they denied" Cogan's claims. *Id.* The one-sentence
5  disposition of the Arizona court does not indicate that it failed to consider Cogan's claims
6  presented to them. *Id.* "*Rooker-Feldman* bars any suit that seeks to disrupt or undo a prior state-
7  court judgment, regardless of whether the state-court proceeding afforded the federal-court
8  plaintiff a full and fair opportunity to litigate [his] claims." *Id.* at 901 (internal quotation marks
9  omitted).

10       As a result, the *Rooker-Feldman* doctrine thus applies to bar Cogan's lawsuit. Cogan's suit
11  seeking declaratory relief pursuant to 28 U.S.C. §2201(a) is improper. The proper avenue for
12  appeal from an Arizona Supreme Court decision would be the United States Supreme Court, not
13  a federal district court. *See* 28 U.S.C. § 1257(a).

14  **IV.    Conclusion**

15       For the reasons set forth in this order,

16       IT IS THEREFORE ORDERED that defendant Trabucco's motion to dismiss (ECF No.
17  26) is **GRANTED**.

18       IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (ECF No. 8)
19  as **DENIED AS MOOT**.

20       The Clerk of Court is instructed to CLOSE THIS CASE.

21       DATED: November 18, 2022

_____
Cristina D. Silva
United States District Judge

7