UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jeffrey A. Cogan,

        Plaintiff

v.

Arnaldo Trabucco,

        Defendant

Case No. 2:21-cv-02087-CDS-EJY

**Order Granting Plaintiff's Amended Motion for Summary Judgment**

[ECF No. 57]

      Plaintiff Jeffrey Cogan, a Nevada lawyer (Bar No. 4569) representing himself pro se, seeks declaratory relief from this court stating that an Arizona state trial court lacks subject matter jurisdiction to enter judgment against Cogan based on Cogan's involvement in a bankruptcy case before the U.S. Bankruptcy Court for the District of Nevada. Specifically, Cogan seeks a declaration stating that "any judgment or order relating to" the *Trabucco v. Cogan* case in Mohave County, Arizona "is not valid and not enforceable against Cogan as being *void ab initio* as . . . lacking subject matter jurisdiction[.]" Compl., ECF No. 1 at 6. Currently pending before the court is Cogan's amended motion for summary judgment. ECF No. 57. Defendant Arnaldo Trabucco has not responded to the motion. For the following reasons, I grant Cogan's motion for summary judgment.

**I.    Background[1]**

      In September 2012, Trabucco, a surgeon, performed kidney surgery on Gerald Scharf in Fort Mohave, Arizona. Scharf died a few days later. Because of financial troubles, Trabucco filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada in November 2012. Cogan thereafter represented a number of different creditors asserting claims against Trabucco in the bankruptcy proceedings. After three of Scharf's family

---

[1] This section incorporates the background provided in the Ninth Circuit's decision in *Cogan v. Trabucco*, 114 F.4th 1054 (9th Cir. 2024). It is edited for brevity.

members (collectively, "the Scharfs") filed a malpractice action against Trabucco in Arizona state court in March 2013, Cogan took over the representation of the Scharfs in that case, and he also represented the Scharfs in Trabucco's bankruptcy proceedings.

While the malpractice action was pending, Cogan filed an adversary complaint on the Scharfs' behalf against Trabucco in the Nevada bankruptcy court in May 2013. The complaint sought a determination that Trabucco's liability to the Scharfs was nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6). Pertinent here, those provisions exempt from a bankruptcy discharge certain debts for money obtained by "false representation[s]," and debts "for willful and malicious injury by the debtor" to any person. 11 U.S.C. § 523(a)(2)(A), (a)(6). The adversary complaint alleged that Trabucco had committed willful and malicious injury on Gerald Scharf during the kidney surgery and that Trabucco had made fraudulent statements to Gerald and his family members before and after the surgery. Cogan later explained that he included those allegations because he thought that, otherwise, the Scharfs' state court claims against Trabucco would be dischargeable in the bankruptcy. Ultimately, Trabucco and the Scharfs stipulated to dismiss the adversary complaint in bankruptcy court with prejudice. As part of that stipulation, the Scharfs agreed it would continue to pursue their previously filed malpractice suit but that any further litigation would not include allegations of malicious or intentional conduct by Trabucco.

Shortly thereafter, Trabucco filed suit against Cogan and the Scharfs in Arizona state court alleging that the filing of the adversary complaint constituted malicious prosecution, abuse of process, and intentional infliction of emotional distress. Ultimately, the Scharfs' malpractice suit against Trabucco resulted in a jury verdict for Trabucco and the bankruptcy court entered an order discharging Trabucco from all pre-petition debts.

The only litigation remaining between the parties was Trabucco's malicious prosecution action against Cogan and the Scharfs in Arizona state court. In January 2018, the Arizona state court granted Trabucco's motion for partial summary judgment as to liability on his malicious

2

prosecution and abuses of process claims against Cogan and the Scharfs. At the subsequent state court trial, limited to the issue of damages, the jury awarded Trabucco a total of $8,000,000 in damages against Cogan. Cogan appealed the judgment to the Arizona Court of Appeals, which affirmed the trial court's finding of liability for malicious prosecution, reversed its finding of liability for abuse of process, vacated the damages award, and remanded for a new trial limited to "the issue of damages arising out of Cogan's malicious prosecution of Dr. Trabucco in the bankruptcy proceedings." Trabucco petitioned for review in the Arizona Supreme Court and in response, Cogan filed a motion to dismiss, arguing for the first time that the Arizona state courts lacked subject matter jurisdiction over the matter because it involved conduct that occurred in a federal bankruptcy proceeding. The Arizona Supreme Court issued an order denying, without explanation, both Cogan's motion to dismiss and Trabucco's petition for review. The Arizona state trial court then set the new damages trial against Cogan.

Less than one month before the scheduled retrial, Cogan filed this suit seeking to collaterally challenge that action. Specifically, Cogan filed a complaint against Trabucco seeking a declaration that any judgment in the Arizona malicious prosecution action "is not valid and not enforceable against Cogan" and "*void ab initio*" due to "lack[ ]" of "subject matter jurisdiction." Cogan argued that any claim for malicious prosecution arising solely from conduct occurring in a federal bankruptcy proceeding was exclusively within the jurisdiction of the federal courts and that, as a result, any judgment in the Arizona malicious prosecution action was void.

On the scheduled retrial date of the Arizona malicious prosecution action, Cogan and Trabucco reached a settlement of that action. On November 18, 2022, I granted Trabucco's motion to dismiss this action as barred by the *Rooker-Feldman* doctrine. The Ninth Circuit reversed and remanded that decision on August 21, 2024, finding it was error to find that the *Rooker-Feldman* doctrine deprived this court of subject matter jurisdiction over Cogan's declaratory relief complaint. *Cogan*, 114 F.4th at 1067–68. Cogan filed his amended motion for summary judgment on December 2, 2024.

3

II.        Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Federal Rule of Civil Procedure 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917.

III.     Discussion

Cogan argues that the Arizona state court judgment is *void ab initio* because all of the torts he allegedly committed were committed in bankruptcy court, and therefore the federal courts have exclusive jurisdiction over Trabucco's malicious prosecution claim. ECF No. 57 at 8.

The Ninth Circuit has made clear that "a state court judgment entered in a case that falls within the federal courts' exclusive jurisdiction is subject to collateral attack in the federal courts." *Gonzales v. Parks*, 830 F.2d 1033, 1036 (9th Cir. 1987). Further, "state malicious prosecution actions for events taking place within . . . bankruptcy court proceedings are completely preempted by federal law." *MSR Exploration v. Meridian Oil*, 74 F.3d 910, 912 (9th Cir. 1996). Therefore, because federal courts have exclusive jurisdiction over bankruptcy proceedings, state courts lack "subject matter jurisdiction to hear a claim that the filing of a bankruptcy petition constitutes an abuse of process." *Id.* at 915 (quoting *Gonzales*, 830 F.2d at 1035). If the Arizona state court proceeding involved alleged torts done exclusively during the bankruptcy proceeding, it lacked subject matter jurisdiction over the claim and any judgment entered against Cogan is void. Thus, Cogan is entitled to summary judgment as long as there is no genuine issue of material fact as to whether all of the torts he allegedly committed were committed in bankruptcy court.

Considering the record before me, and the fact that Trabucco failed to oppose the motion for summary judgment, I have no choice but to find that the record conclusively establishes that Cogan's alleged torts were committed exclusively within the bankruptcy proceeding. Cogan cites to the Arizona Court of Appeals holding that the basis of Trabucco's malicious prosecution claim was entirely from the adversary proceeding and that "prevents Dr. Trabucco from contesting this fact." ECF No 57 at 10.[2] Indeed, a review of the Arizona Court of Appeals'

---

[2] Cogan's citation to the Arizona Court of Appeals opinion is incorrect, making it difficult for the court to find the case. Although curiously not attached to the motion for summary judgment, the decision can be found at ECF No. 8-1 at 13.

5

decision[3] reveals that, when analyzing the malicious prosecution claim against Cogan, the court focused solely on his decision to file the adversary complaint in bankruptcy court. *See* ECF No. 8-1 at 21 ("Here, Cogan admitted his primary motivation in accusing Dr. Trabucco of willfully and maliciously killing his patient was to prevent Dr. Trabucco from obtaining a bankruptcy discharge" and "Cogan's articulated purpose in filing the First Amended Complaint in bankruptcy court was not to secure the proper adjudication of the claim but rather a legal ploy designed solely to prevent the Scharfs' claim from being discharged in the bankruptcy proceedings."). As the Arizona Court of Appeals did not consider any behavior unrelated to the bankruptcy proceeding to support a basis for malicious prosecution, and Trabucco provides no response, I find that the torts Cogan allegedly committed were committed in the bankruptcy proceeding and the state court lacked jurisdiction to hear the case. Therefore, despite Cogan's clearly documented intent to maliciously prosecute Trabucco, and as noted by the Ninth Circuit, to allegedly abuse the bankruptcy process,[4] he is nonetheless entitled to summary judgment here.[5]

## IV.  Conclusion

IT IS THEREFORE ORDERED that Cogan's amended motion for summary judgment **[ECF No. 57] is GRANTED**. The Clerk of Court is kindly instructed to enter judgment accordingly, and to close this case.

Dated: August 13, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] I take judicial notice of the Arizona Court of Appeals decision. *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice" (citing *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995))).

[4] *See Cogan v. Trabucco*, 114 F.4th 1054, 1068 (9th Cir. 2024) (Judge Smith's dissent recognizing the "unresolved circuit split on the question of whether attorneys who allegedly abuse the federal bankruptcy process, like Cogan, may be held accountable in state court.").

[5] As Trabucco has not responded to the motion for summary judgment, and neither party has provided an update to the court, it is not currently clear whether the state court trial is pending or whether a verdict has been rendered. This summary judgment order applies either way.